IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                      OPINION AND ORDER

               Plaintiff,

                                      13-cv-850-bbc

         v.

JERRY MARWITZ, STEVEN RHODE,
BRIAN DOMMISSE, RENEE SCHUELER,
KAREN GOURLIE, JODINE DEPPISCH
and JOHN or JANE DOE,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas Zach, a former prisoner at the Fox Lake Correctional Institution, has filed a proposed complaint against several prison officials regarding interference with his mail and subsequent retaliation against him. Plaintiff seeks leave to proceed in forma pauperis on his claims, and the court has already concluded that plaintiff may proceed without prepayment of the $350 filing fee. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). After considering plaintiff's allegations, I conclude that he fails to state a First Amendment claim

1

regarding interference with his mail and that his allegations are not sufficient at this point to proceed on any claims of retaliation. I will give him an opportunity to submit an amended complaint that sets forth the basis for his retaliation claims in more detail.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

At all times relevant to his complaint, plaintiff was incarcerated at the Fox Lake Correctional Institution. On April 1, 2008, plaintiff placed an envelope in the outgoing prisoner mailbox. Defendant correctional officer Jerry Marwitz opened the envelope although he had no reason to think that the letter posed any security risk and he did not ask for permission under Department of Corrections regulations. After Marwitz opened the envelope, he never put it back in the mail stream. Marwitz then gave plaintiff a conduct report (plaintiff does not say on what charges, although he admits he violated prison rules).

Plaintiff filed an inmate grievance about the incident, but it was rejected by defendant Renee Schueler. Defendant Jodine Deppisch upheld the rejection. Plaintiff was found guilty of multiple offenses on the conduct report following a hearing held by defendant Steven Rhode.

On August 15, 2008, plaintiff placed another envelope in the mail stream addressed to his mother. Marwitz opened this envelope, again without any reason. Marwitz resealed the envelope with heavy packing tape and placed a metered postage stamp with the original requested postage amount, but the envelope was returned to plaintiff for having insufficient

postage, because the packing tape applied by Marwitz made the package too heavy.  Had

Marwitz reweighed the package, it would have been sent out with proper postage.


OPINION

I understand plaintiff to be attempting to bring claims under the First Amendment

for the two instances of interference with his mail and for a conduct report he received in

conjunction with the first mail incident.

As to the First Amendment claim, these two alleged incidents of interference with

mail over a several-month span do not rise to the level of a constitutional violation.  Isolated

instances of mail disruption or theft of reading material do not suffice to establish a

constitutional violation.  Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999); Sizemore v.

Williford, 829 F.2d 608, 610-11 (7th Cir. 1987).  Moreover, in support of this claim,

plaintiff states that his mail was opened without authorization as required under state

regulations, but plaintiff cannot bring a claim under 42 U.S.C. § 1983 for a violation of a

state regulation. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983

protects plaintiffs from constitutional violations, not violations of state laws or, in this case,

departmental regulations . . . .").

To state a claim for retaliation under the First Amendment, a plaintiff must identify

(1) the constitutionally protected activity in which he was engaged; (2) one or more

retaliatory actions taken by the defendant that would deter a person of "ordinary firmness"

from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer

that the plaintiff's protected activity was one of the reasons defendant took the action she

did against him.  Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir.2009).

Plaintiff's only allegations regarding retaliation are conclusory statements that defendant Marwitz gave him a conduct report, defendant Schueler rejected his grievance, defendant Deppisch upheld the rejection and defendant Rhode found him guilty on his conduct report for retaliatory reasons.  Plaintiff surmises that they all retaliated against him for trying to mail something to his mother, but he does not explain why he thinks this is so (he admits to conduct that broke prison regulations, so it is particularly unclear why he thinks defendants' actions were meant to retaliate against him rather than actions they would normally take in the same circumstances).  These conclusory allegations are not sufficient to state retaliation claims.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

I will give plaintiff a chance to file an amended complaint that provides more explanation of why he believes that defendants meant to retaliate against him.  Plaintiff's amended complaint should completely replace his existing complaint, so he should include all of the allegations in his original complaint he thinks are relevant as well as new information explaining the basis for his retaliation claims.

ORDER

IT IS ORDERED that

1.  Plaintiff Thomas Zach is DENIED leave to proceed on his First Amendment claims against defendant Jerry Marwitz.

2.  Plaintiff may have until March 26, 2013 to submit an amended complaint more fully explaining the basis for his retaliation claims.  If plaintiff fails to submit an amended complaint by this deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Entered this 5th day of March, 2014.


BY THE COURT:

/s/
BARBARA B. CRABB
District Judge