IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                                                             ORDER

          Plaintiff,

                                                                     13-cv-850-bbc

     v.

JERRY MARWITZ, STEVEN RHODE,
BRIAN DOMMISSE, RENEE SCHUELER,
KAREN GOURLIE, JODINE DEPPISCH
and JOHN or JANE DOE,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                                                             ORDER

         Plaintiff,

                                                                   13-cv-851-bbc

     v.

BRIAN BEAHM, ROBERT SCHENCK,
TROY HERMANS, JEFF PUGH,
KAREN GOURLIE, TODD JOHNSON,
TOM GOZINSKE, ISMAEL OZANNE,
AMY SMITH and JOHN or JANE DOE,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Thomas Zach, a former Wisconsin Department of Corrections inmate, filed both of the above-captioned lawsuits against prison officials at his former prisons, alleging that they interfered with his mail and retaliated against him. I gave plaintiff a chance to

1

amend his complaints in both cases, but ultimately dismissed both cases on May 14, 2014 because his amended complaints failed to state claims upon which relief could be granted.

Now plaintiff has filed two letters. In the first letter, he asks for appointment of counsel to assist him in filing his appeal in case no. 13-cv-850-bbc and amending his complaint in case no. 13-cv-851-bbc, and for extensions of the deadlines to take those actions. In the second letter, he withdraws the request for counsel, but asks for a minimum extension of six months in which to file an appeal in the first case and amend his complaint in the second case. In both letters he provides the reason for his requests: he is in severe pain caused by a bulging disc in his back that has "left [him] weak, lethargic, emotionally drained with absolutely no retention what so ever."

An initial problem with plaintiff's requests is that I did not grant plaintiff leave to further amend his complaint in case no. 13-cv-851-bbc. That case was dismissed for failure to state a claim upon which relief may be granted just as case no. 13-cv-850-bbc was, so there is no deadline for him to submit an amended complaint; the case is closed. Because plaintiff wants to appeal the similar dismissal of case no. 13-cv-850-bbc, I will assume that his motion for extension of time to file his appeal applies to case no. 13-cv-851-bbc as well.

I may grant a motion for extension of time to file an appeal if the motion is filed within 30 days of the expiration of the original time to file the appeal (in these cases, 30 days after the May 14, 2014 judgments) and the party seeking the extension shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). Plaintiff's motion was timely filed, and I conclude that his explanation of debilitating physical injury is sufficient to find good cause.

2

Even so, I cannot grant the full relief plaintiff seeks, a minimum of six extra months. The maximum extension of time to file a notice of appeal is "30 days after the prescribed time [to file an appeal] or 14 days after the date when the order granting the motion [for extension of time] is entered, whichever is later." Fed. R. App. P. 4(a)(5). For these cases, that means the longest extension I can give him is until July 13, 2014.

ORDER

IT IS ORDERED that plaintiff Thomas W. Zach's motions for extension of time to file his appeals in case nos. 13-cv-850-bbc, dkt. #11, and 13-cv-851-bbc, dkt. #11, are GRANTED IN PART; plaintiff may have until July 13, 2014 to file notices of appeal in these cases.

Entered this 19th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3